Matthew T. Christensen, ISB: 7213
Chad R. Moody, ISB: 9946
ANGSTMAN JOHNSON
199 N. Capitol Blvd., Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@angstman.com
         chad@angstman.com

Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MERIDIAN PEDIATRICS, P.C.,<br><br>Debtor. | Case No. 20-01046-JDP<br><br>Chapter 11<br>(Subchapter V) |

**MOTION TO EXTEND TIME TO PROPOSE CHAPTER 11 PLAN**

The Debtor in Possession, Meridian Pediatrics, P.C., (the "Debtor") pursuant to 11 U.S.C. §1189(b) hereby moves this court for an order extending the time for the Debtor to propose its Chapter 11 Plan by two (2) weeks, with the new deadline being March 26, 2021.

11 U.S.C. §1189(b) imposes a deadline of 90 days from the order for relief (in this case, March 8, 2021) for the Debtor to propose a plan.  However, that deadline can be extended by the Court  if the need for the extension "is attributable to circumstances for which the debtor should not justly be held accountable."  Here, the Debtor has been preparing a plan based on continued operations of the Debtor in order to repay creditors.  However, a little over two weeks ago, the Debtor was approached by a major medical provider in the Treasure Valley regarding a purchase of the Debtor's assets (i.e., a partial liquidation of the Debtor).  The Debtor has explored this possibility since that time, including the extent of the assets to be purchased, an evaluation of what

MOTION TO EXTEND TIME TO PROPOSE CHAPTER 11 PLAN  – Page 1

assets would remain and a valuation of the assets to be purchased. The valuation of purchased assets is not yet complete, and the Debtor continues to finalize the proposed terms of this sale. The Debtor is convinced this sale is a better option than continued operation by the Debtor independent of the potential Purchaser, both in terms of services to the Debtor's patient clients, as well as a return for the Debtor's creditors.

With the new status of Subchapter V in the Bankruptcy Code, there are not a lot of cases interpreting this provision of the Code. However, at least one court has attempted to outline the requirements for granting this sort of request. The Bankruptcy Court for the Southern District of Texas outlined requirements as follows (based, in part, on Section 1212 of the Bankruptcy Code):

> [T]his Court will consider (1) whether the circumstances raised by Debtor were within his control, (2) whether Debtor has made progress in drafting a plan, (3) whether the deficiencies preventing that draft from being filed are reasonably related to the identified circumstances, and (4) whether any party-in-interest has moved to dismiss or convert Debtor's case or otherwise objected to a deadline extension in any way. These considerations are based on the plain language of § 1189(b) and the discretion that provision confers on courts.

*In re Baker*, 2020 Bankr. LEXIS 3548, at *13-14 (Bankr. S.D. Tex. Dec. 21, 2020)

Applying these factors here, the Debtor was unaware of the potential sale/purchase of its assets until approached by the Buyer. The Debtor could not have anticipated a buyer was willing to purchase its assets prior to that point – especially considering this was a reorganization bankruptcy case, with the Debtor preparing a reorganization plan (and having stated so on the record during the 341 hearing and status hearing). Secondly, the Debtor had made progress on drafting the reorganization plan prior to the buyer negotiations beginning. Now that it appears the asset sale is the better path, the Debtor is re-calibrating the original reorganization plan to be a liquidation plan. However, the Debtor needs the actual appraisal of the property to be completed and available in order to project the estimated recovery for creditors through the asset sale and liquidation of remaining assets. Absent the actual value for the purchased assets, the Debtor cannot

accurately estimate anything. Last, no party-in-interest has sought to dismiss or convert the Debtor's case. The Debtor is unaware of the parties positions on the deadline extension.

The Debtor recognizes the expedited nature of Subchapter V cases, and has taken that into account in requesting only a two-week extension of the deadline for filing the Chapter 11 Plan. Within that time period, the Debtor will have the property appraised and be able to project the potential return to creditors through the plan.

WHEREFORE, the Debtor moves this court for an order extending the deadline for the Debtor to file a Plan for sufficient cause shown. The Debtor requests the new deadline be Friday March 26, 2021.

DATED this 8th day of March, 2021.

      /s/ Matt Christensen
MATTHEW T. CHRISTENSEN
Attorney for Debtor in Possession

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 8th day of March , 2021, I filed the foregoing MOTION TO EXTEND TIME TO PROPOSE CHAPTER 11 PLAN electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

| | |
|---|---|
| Matthew T Christensen | mtc@angstman.com |
| Patrick John Geile | pgeile@foleyfreeman.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Andrew Seth Jorgensen | andrew.jorgensen@usdoj.gov |
| Chad Moody | chad@angstman.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |

        /s/ Matt Christensen
    Matthew T. Christensen